IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL TENORE,

     Plaintiff,                    No. 2:11-cv-1082 WBS CKD P

    vs.

NATHANAEL GOODGAME, et al.,

     Defendants.             ORDER

_____/

       Plaintiff is a state prisoner, proceeding pro se and in forma pauperis, who seeks relief pursuant to 42 U.S.C. § 1983. Defendants have answered the complaint and discovery is underway. (Dkt. Nos. 16, 17.) On September 18, 2012, plaintiff filed a motion for a temporary restraining order preventing prison officials from transferring him "to a level II prison in Chowchilla." He claims that, as a retired police officer, he will not be safe in the dormitory setting of this prison, and that the stress of the transfer has caused him heart problems. He asserts that a transfer will hinder his ability to meet legal deadlines in this action. And he asserts that, as a result of the move, he will lose his inmate legal assistant. He argues that these factors constitute irreparable harm and warrant immediate injunctive relief. (Dkt. No. 25.)

       The purpose in issuing a temporary restraining order is to preserve the status quo pending a fuller hearing. The cases contain limited discussion of the standards for issuing a

1

1   temporary restraining order due to the fact that very few such orders can be appealed prior to the
2   hearing on a preliminary injunction.  It is apparent however, that requests for temporary
3   restraining orders which are not ex parte and without notice are governed by the same general
4   standards that govern the issuance of a preliminary injunction.  See New Motor Vehicle Bd. v.
5   Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977) (Rehnquist, J.); Los Angeles Unified Sch.
6   Dist. v. United States Dist. Court, 650 F.2d 1004, 1008 (9th Cir. 1981) (Ferguson, J. dissenting);
7   Century Time Ltd. v. Interchron Ltd., 729 F. Supp. 366, 368 (S.D.N.Y. 1990).
8           The legal principles applicable to a request for injunctive relief are well
9   established.  To prevail, the moving party must show either a likelihood of success on the merits
10  and the possibility of irreparable injury, or that serious questions are raised and the balance of
11  hardships tips sharply in the movant's favor.  See Coalition for Economic Equity v. Wilson, 122
12  F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374,
13  1376 (9th Cir. 1985).  The two formulations represent two points on a sliding scale with the focal
14  point being the degree of irreparable injury shown. Oakland Tribune, 762 F.2d at 1376.  "Under
15  any formulation of the test, plaintiff must demonstrate that there exists a significant threat of
16  irreparable injury."  Id.  In the absence of a significant showing of possible irreparable harm, the
17  court need not reach the issue of likelihood of success on the merits.  Id.
18          Here, the complaint alleges deliberate indifference to plaintiff's serious medical
19  needs, specifically to a scabies outbreak that affected plaintiff between September 2009 and April
20  2010. (Dkt. No. 1 at 5.)  The instant motion for injunctive relief has nothing to do with the
21  operative claims in this case.  Thus plaintiff's request for injunctive relief is beyond the scope of
22  the case or controversy before this court. See Benyamini v. Manjuano, 2011 WL 4963108 (E.D.
23  Cal. Oct. 18, 2011) ("This Court lacks jurisdiction to issue an order requiring prison officials to
24  transfer [plaintiff] based on retaliatory acts occurring after this action was filed, because the
25  Court does not have such a case or controversy before it in this action. [Citations.]")  Moreover,
26  in Meachum v. Fano, 427 U.S. 215 (1976), the United States Supreme Court explicitly held that

prisoners do not have a constitutional right to be housed at a particular prison within a state's prison system. See also Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir. 1985) ("An inmate's liberty interests are sufficiently extinguished by his conviction so that the state may change his place of confinement even though the degree of confinement may be different and prison life may be more disagreeable in one institution than in another.").

Plaintiff is advised, however, that if the transfer renders him unable to meet his deadlines in this action, plaintiff may seek an extension of time explaining his circumstances, and the court will consider any reasonable accommodation.

Accordingly, IT IS HEREBY ORDERED THAT plaintiff's motion for temporary restraining order (Dkt. No. 25) is denied for the reasons set forth above.

Dated: September 26, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
teno1082.transfer

3