IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL TENORE,

        Plaintiff,                No. 2:11-cv-1082 WBS CKD P

    vs.

NATHANAEL GOODGAME, et al.,

        Defendants.          ORDER AND

                                            FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff, a state prisoner proceeding pro se and in forma pauperis, filed his original complaint on April 21, 2011, seeking relief under 42 U.S.C. § 1983.  (Dkt. No. 1.)  The complaint was served on five defendants, who filed an answer on July 30, 2012.  (Dkt. No. 16.)  Discovery is underway.  (See Dkt. No. 17.)

I.  Motion to Amend

        On August 29, 2012, plaintiff filed a motion for leave to file an amended complaint and a proposed first amended complaint ("FAC").  (Dkt. Nos. 21, 22.)  Defendants filed an opposition to the motion.  (Dkt. No. 24.)

        In the FAC, plaintiff sets forth in greater detail his allegations against the current defendants (Goodgame, Tseng, Heatley, Heffner, and Smith), and adds four new defendants.  Of these, two (Simmons and Neuner) were effectively screened out in the court's April 12, 2012 order, as the court did not find that service was appropriate for these defendants, who were also

1  named in the original complaint.  (Dkt. No. 10 at 2.)  The remaining two new defendants are

2  identified as Wardens at Mule Creek State Prison (MCSP).  Plaintiff has also listed numerous

3  "John Doe" defendants in the FAC.

4          Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend shall be

5  given freely when justice requires.  In deciding whether justice requires granting leave to amend,

6  factors to be considered include the presence or absence of undue delay, bad faith, dilatory

7  motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the

8  opposing party and futility of the proposed amendment.  Forman v. Davis, 371 U.S. 178, 182

9  (1962).

10          Defendants argue that leave to amend should be denied as futile.  They assert that

11  the FAC does not state claims against Simmons and Neuner; that plaintiff cannot proceed on

12  claims against "John Doe" defendants; and that, insofar as plaintiff seeks to assert claims on

13  behalf of a class of inmates, he is barred from doing so.  Defendants further argue that plaintiff's

14  state tort claims for medical malpractice as alleged in the FAC cannot go forward, as he has not

15  alleged compliance with the California Tort Claims Act.  Finally, defendants argue that plaintiff

16  has impermissibly added claims unrelated to his allegations in the original complaint.  (Dkt. No.

17  24.)

18          Defendants arguments have some merit.  However, in light of plaintiff's detailed

19  allegations in the FAC concerning the five original defendants, the court will not categorically

20  deny leave to amend.  Rather, the court will grant plaintiff's motion and proceed to screen the

21  FAC (which it would do anyway as a matter of course), to determine which claims against which

22  defendants may go forward.  The court concludes that this process would not unduly prejudice

23  defendants, while allowing plaintiff to clarify the basis of his claims.

24  II.  Screening of the FAC

25          The court is required to screen complaints brought by prisoners seeking relief

26  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

§ 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).  "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

\\\\\

1          Fed. R. Civ. P. 8 sets forth general rules of notice pleading in the federal courts.

2    See Swierkiewicz v. Sorema, 534 U.S. 506 (2002).  Complaints are required to set a forth (1) the

3    grounds upon which the court's jurisdiction rests, (2) a short and plain statement of the claim

4    showing entitlement to relief; and (3) a demand for the relief plaintiff seeks.  Rule 8 requires only

5    "sufficient allegations to put defendants fairly on notice of the claims against them."  McKeever

6    v. Block, 932 F.2d 795, 798 (9th Cir. 1991).  Even if the factual elements of the cause of action

7    are present, but are scattered throughout the complaint and are not organized into a "short and

8    plain statement of the claim," dismissal for failure to satisfy Rule 8(a)(2) is proper.  McHenry v.

9    Renne, 84 F.3d 1172, 1178 (9th Cir. 1996).

10          In the FAC, plaintiff alleges that medical staff at MCSP were deliberately

11   indifferent to his seven-month scabies infection between September 2009 and April 2010.  "[T]o

12   maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show

13   'deliberate indifference to serious medical needs.'"  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir.

14   2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  The two part test for deliberate

15   indifference requires the plaintiff to show (1) " 'a serious medical need' by demonstrating that

16   'failure to treat a prisoner's condition could result in further significant injury or the unnecessary

17   and wanton infliction of pain,' " and (2) "the defendant's response to the need was deliberately

18   indifferent."  Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.

19   1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997)

20   (en banc) (internal quotations omitted)).  Deliberate indifference is shown by "a purposeful act or

21   failure to respond to a prisoner's pain or possible medical need, and harm caused by the

22   indifference."  Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060).  In order to state a

23   claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a

24   claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's]

25   health ...."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).

26   \\\\\

1    Also, "a difference of opinion between a prisoner-patient and prison medical

2 authorities regarding treatment does not give rise to a § 1983 claim."  Franklin v. Oregon, 662

3 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted).  To prevail, plaintiff "must show that

4 the course of treatment the doctors chose was medically unacceptable under the circumstances ...

5 and ... that they chose this course in conscious disregard of an excessive risk to plaintiff's

6 health."  Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted).  A

7 prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate

8 indifference.  Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989).

9    The court finds that, for screening purposes, the FAC states cognizable Eighth

10 Amendment claims against defendants Tseng, Goodgame, Heatley, Heffner, and Smith

11 concerning plaintiff's medical treatment for scabies.  As to allegations concerning plaintiff's

12 treatment for heart, ear, prostate, and digestive problems, the court finds that these do not rise to

13 the level of Eighth Amendment claims.

14    Plaintiff also names MCSP Wardens Subia and Martel as defendants.  Supervisory

15 personnel are generally not liable under § 1983 for the actions of their employees under a theory

16 of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the

17 causal link between him and the claimed constitutional violation must be specifically alleged.

18 See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441

19 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning

20 the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v.

21 Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Under this standard, the court finds that

22 plaintiff fails to state a claim against Subia and Martel.  Nor are plaintiff's allegations sufficient

23 to state a claim against defendants Simmons, Neuner, "John Doe 1 Pharmacy Technician," or

24 "Does 1-100."  See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th. Cir. 1980) ("As a general rule,

25 the use of 'John Doe' to identify a defendant is not favored.")

26 \\\\\

1         Plaintiff also asserts claims arising under California law.  However, plaintiff fails

2    to allege compliance with California's Tort Claims Act.  See Cal. Govt. Code § 910; Mangold v.

3    Cal. Pub. Utile. Common, 67 F.3d. 1470, 1477 (9th Cir. 1995).  Therefore, plaintiff cannot

4    proceed on these claims.

5         In sum, the court determines that, for screening purposes, the FAC states Eighth

6    Amendment medical indifference claims against the original five defendants concerning

7    plaintiff's scabies infection from September 2009 through August 2010.  The undersigned will

8    recommend that all remaining claims and defendants be dismissed from this action.

9         Accordingly, IT IS HEREBY ORDERED THAT:

10        1. Plaintiff's motion for leave to amend (Dkt. No. 21) is granted; and

11        2. This action shall proceed on the First Amended Complaint filed August 29,

12   2012 (Dkt. No. 22).

13        IT IS HEREBY RECOMMENDED THAT plaintiff's claims against defendants

14   Simmons, Neuner, Subia, Martel, and the John Doe defendants be dismissed with prejudice.

15   Additionally, that all claims except the deliberate indifference claims against defendants

16   Goodgame, Tseng, Heatley, Heffner, and Smith concerning medical treatment for scabies be

17   dismissed with prejudice.

18        These findings and recommendations are submitted to the United States District

19   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

20   days after being served with these findings and recommendations, any party may file written

21   objections with the court and serve a copy on all parties.  Such a document should be captioned

22   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

23   ////

24   ////

25   ////

26   ////

1    shall be served and filed within fourteen days after service of the objections.  The parties are

2    advised that failure to file objections within the specified time may waive the right to appeal the

3    District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

4      Dated: September 28, 2012

5                                                                    _____

6                                                                    CAROLYN K. DELANEY
                                                                     UNITED STATES MAGISTRATE JUDGE

7

8

9
     2
10   teno1082.amend

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26