IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL TENORE,

        Plaintiff,                      No.  2:11-cv-1082 WBS CKD P

    vs.

NATHANAEL GOODGAME, et al.,

        Defendants.             <u>ORDER</u>

_____/

        Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

        On September 28, 2012, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days.  Plaintiff has filed objections to the findings and recommendations.

        In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a <u>de novo</u> review of this case.  Having carefully reviewed the entire file, including plaintiff's reply docketed on October 9, 2012 (Dkt. No. 28), the court finds the findings and recommendations to be supported by the record and by proper analysis.  The

1  court addresses plaintiff's objections as follows:

2          The magistrate judge found that plaintiff's First Amended Complaint failed to
3  state a claim against Mule Creek State Prison (MCSP) Wardens Subia and Martel because
4  supervisory defendants are generally not liable under § 1983 for the actions of their employees
5  under a theory of respondeat superior. (Dkt. No. 27 at 5.)  In his objections, plaintiff asserts that
6  in the FAC he pleads a "systematic failure" of the MCSP medical department, and so should be
7  allowed to proceed against Wardens Subia and Martel.  (Dkt. No. 29 at 3-4.)  However, plaintiff
8  cannot obtain equitable relief for systemic problems in prison medical services as covered by the
9  remedial order in the Plata class action.[1]  A plaintiff who is a member of a class action for
10 equitable relief from prison conditions may not maintain a separate, individual suit for equitable
11 relief involving the same subject matter of the class action.  See Crawford v. Bell, 599 F.2d 890,
12 892–93 (9th Cir.1979).  A number of district courts have concluded that an individual class
13 member may proceed with a separate action for equitable or injunctive relief that is specific to
14 his medical needs and the circumstances of his incarceration, rather than the broad, systemic
15 relief targeted by those actions.  See Gonzalez v. Zika, 2012 WL 4466584, at *7 (N.D. Cal. Sept.
16 26, 2012) (collecting cases).  Here, however, plaintiff purports to allege widespread problems
17 with medical treatment at MCSP and seeks the relief of "Federal and State monitoring and
18 oversight, as well as auditing the entire health care delivery system at [MCSP]" on behalf of a
19 class of inmates.  (Dkt. No. 22 (FAC) at ¶ 77.)  Plaintiff is precluded from bringing such claims
20 by the Plata litigation.  Thus the claims against Subia and Martel are properly dismissed.
21 \\\\\

---

[1]  Plata v. Schwarzenegger, No. C–01–1351 TEH (N.D.Cal. 2001), a class action, concerns the constitutional adequacy of CDCR's inmate medical health care.  The Plata class consists of all prisoners in the custody of the CDCR with serious medical needs.  In 2011, the United States Supreme Court upheld the decision of a Ninth Circuit panel in Plata, aff'd in part, 603 F.3d 1088 (9th Cir. 2010), that identified overcrowding as the primary cause of the inadequacies in the mental and medical health care in prison and issued a remedial order requiring California to reduce the prison population to 137.5% of the prisons' design capacity within two years.

Plaintiff also asserts that, insofar as he seeks equitable relief under state law, he need not allege compliance with the California Tort Claims Act.[2]  (Dkt. No. 29 at 3-4.)  However, for the reasons discussed above, plaintiff's claims for systemic equitable relief must be dismissed.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed September 28, 2012, are adopted in full; and

2. Plaintiff's claims against defendants Simmons, Neuner, Subia, Martel and the John Doe defendants are dismissed with prejudice.  Additionally, all claims except the deliberate indifference claims against defendants Goodgame, Tseng, Heatley, Heffner and Smith concerning medical treatment for scabies are dismissed with prejudice.

DATED:   November 26, 2012

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

/teno1082.805

---

[2] Injunctive and declaratory relief is exempt from the CTCA. See Qwest Communications Corp. v. City of Berkeley, 146 F.Supp.2d 1081, 1090-91 (N.D. Cal. 2001).

3