UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL TENORE, | No. 2:11-cv-1082 WBS CKD P |
| Plaintiff, | |
| v. | ORDER |
| NATHANAEL GOODGAME, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 6, 2014, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. Both plaintiff and defendants have filed objections to the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

In his objections, plaintiff concedes summary judgment is proper as to defendants Smith

1    and Heffner, but contends that summary judgment is improper as to Dr. Heatley, who plaintiff
2    claims knew of the scabies outbreak in the prison and had received plaintiff's requests for further
3    medical assistance.  However, the undidputed evidence shows Dr. Heatley only treated plaintiff
4    for unrelated conditions and, therefore, does not support a causal connection between any acts or
5    omissions and plaintiff's injury.  Plaintiff also requests an extension of time for further discovery
6    and an order to compel the production of certain documents.  These requests may be addressed by
7    the magistrate judge.

8           Defendants raise three objections to the findings and recommendations.  First, defendants
9    contend that the magistrate judge improperly relied upon inadmissible evidence and treated
10   plaintiff's allegations as fact despite defendants' evidence to the contrary.  Many of the
11   statements defendants object to, however, are the magistrate judge's characterization of the facts
12   or factual inferences, rather than inadmissible items of evidence from plaintiff.  The other factual
13   objections are not central to the court's analysis and the court will reject these objections as moot.

14          Second, defendants object to the magistrate judge's analysis of plaintiff's deliberate
15   indifference claim against Dr. Tseng and Nurse Goodgame--in particular the determination that
16   Tseng and Goodgame "(possibly) knew and disregarded plaintiff's risk of having scabies when
17   other treatments proved ineffective."  However, viewing the facts in the light most favorable to
18   plaintiff, such an inference is reasonable given that the record supports findings that plaintiff
19   constantly raised the issue of scabies to no avail, there may have been a scabies outbreak in the
20   prison at the time, and the various treatments plaintiff received were ineffective until he received
21   scabies medication.  Nurse Goodgame's comment that the reason plaintiff did not receive relief
22   "could be [his] attitude" further raises a factual dispute as to defendants' knowledge and
23   motivation.  See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (stating that a plaintiff
24   can support a claim of deliberate indifference by showing that a physician's treatment decision
25   was motivated by something other than medical judgment).

26          Finally, defendants object based on their contention that Dr. Tseng and Nurse Goodgame
27   are entitled to qualified immunity.  To the contrary, courts hold that a determination that triable
28   issues remain as to deliberate indifference precludes summary judgment on the ground that

1  defendants could reasonably have believed their conduct did not violate clearly established law.

2  Jackson, 90 F.3d at 332; see also Albers v. Whitley, 743 F.2d 1372, 1376 (9th Cir. 1984) (noting

3  that deliberate indifference and qualified immunity are "mutually exclusive"), rev'd on other

4  grounds, 475 U.S. 312 (1986).

5      Accordingly, IT IS HEREBY ORDERED that:

6      1. The findings and recommendations filed February 6, 2014 are adopted in full; and

7      2. Defendants' motion for summary judgment (Docket No. 44) is denied as to defendants

8  Tseng and Goodgame and granted as to defendants Smith, Heffner and Heatley.

9  Dated: March 7, 2014

10

11  WILLIAM B. SHUBB
    UNITED STATES DISTRICT JUDGE