UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL TENORE,

Plaintiff,

v.

NATHANAEL GOODGAME, et al.,

Defendants.

No.  2:11-cv-1082 WBS CKD P

ORDER AND

FINDINGS AND RECOMMENDATIONS

Trial in this pro se prisoner civil rights action is set for April 2015.  (ECF No. 78.)  In April 2014, plaintiff was ordered to file a pretrial statement.  (Id.)  On July 24, 2014, after settlement talks failed, plaintiff requested a ninety-day extension of time to file his pretrial statement and motions for witness attendance.  (ECF No. 86.)  On September 24, 2014, following briefing on the location of potential inmate witnesses, plaintiff was granted an additional 60 days to file a pretrial statement, with the warning that "No further extensions of this deadline will be granted."  (ECF No. 97.)

The sixty-day period has passed, and plaintiff has not filed a pretrial statement.  Rather, he has filed an 85-page motion to appoint counsel, renewing his three previous requests for an attorney.[1]  (ECF No. 99.)  He has also requested additional time to file a pretrial statement, stating

---

[1] Plaintiff's first motion to appoint counsel was denied, and the denial was confirmed by the district court upon reconsideration.  (ECF Nos. 48, 51.)  Plaintiff's second motion to appoint

1

1    that he will try to "put something together" within thirty days.  (ECF No. 100.)

2          Defendants request dismissal of this action under Rules 16(f), 37(b)(2) and 41(b) of the

3    Federal Rules of Civil Procedure.  (ECF No. 101.)  Plaintiff has filed a reply, citing various

4    difficulties of litigating from prison and asserting that "defendants, their lawyers, and MCSP"

5    have conspired to impede him.  (ECF No. 103 at 5.)

6          Plaintiff has been informed twice that failure to timely file a pretrial statement could result

7    in the sanction of dismissal.  (ECF Nos. 78, 97.)  Under the circumstances, the court does not

8    believe that plaintiff has shown good cause for a further extension of time or made a good-faith

9    attempt to comply with the September 24, 2014 order.  Nor has plaintiff shown the required

10   exceptional circumstances for appointment of counsel.

11         "In determining whether to dismiss a claim for failure to prosecute or failure to comply

12   with a court order, the Court must weigh the following factors: (1) the public's interest in

13   expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of

14   prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the

15   public policy favoring disposition of cases on their merits."  Pagtalunan v. Galaza, 291 F.3d 639,

16   642 (9th Cir. 2002).  Factors (1) and (2) weigh in favor of dismissal.  Id.; see also Malone v. U.S.

17   Postal Service, 833 F.2d 128, 130-131 (9th Cir. 1987).  Factor (5) weighs against dismissal.

18         As to factor (3), "[t]o prove prejudice, a defendant must establish that plaintiff's actions

19   impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision

20   of the case."  Pagtalunan, 291 F.3d at 642, citing Malone, 833 F.2d at 131.  Here, plaintiff's lack

21   of diligence in preparing a pretrial statement – despite being given ample time to do so and

22   specific advice about how to contact inmate witnesses (see ECF No. 97) –  have impaired

23   defendants' ability to proceed to trial in April 2015.  Thus this factor weighs in favor of dismissal.

24         As to factor (4), "[w]arning a plaintiff that failure to take steps towards resolution of his

25   action on the merits will result in dismissal satisfies the requirement the court consider the

26   alternatives[]" to dismissal.  Chatman v. Johnson, No. CIV S-06-0578 MCE EFB P, 2008 WL

27

28   counsel was also denied.  (ECF No. 62.)

1   5412212 at *3 (E.D. Cal. Dec. 30 2008) (dismissing pro se prisoner's action as sanction for

2   failure to file pretrial statement) (findings and recommendations adopted by district court Feb. 17,

3   2009 and affirmed on appeal July 22, 2010), citing Buss v. Western Airlines, Inc., 738 F.2d 1053,

4   1054 (9th Cir. 1984).  As to other alternative sanctions, "imposing fines or attorney fees would be

5   wholly impracticable because plaintiff proceeds pro se and in forma pauperis and plaintiff has

6   disregarded all prior warnings regarding sanctions, including the sanction of dismissal. These

7   alternatives, therefore, are infeasible." Id.  For these reason, factor (4) also weighs in favor of

8   dismissal.  Moreover, "[t]he alternative of dismissal without prejudice is unsatisfactory because

9   permitting plaintiff to file anew at his whim would only consume yet more of the court's time that

10  could be devoted to other cases on its already overburdened docket." Id.

11          Accordingly, IT IS HEREBY ORDERED THAT:

12          1.  Plaintiff's motion to appoint counsel (ECF No. 99) is denied; and

13          2.  Plaintiff's motion for an extension of time (ECF No. 100) is denied.

14          IT IS HEREBY RECOMMENDED THAT:

15          1.  Defendants' request for dismissal (ECF No. 101) be granted; and

16          2.  This case be dismissed with prejudice for plaintiff's failure to prosecute this action.

17          These findings and recommendations are submitted to the United States District Judge

18  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

19  after being served with these findings and recommendations, any party may file written

20  objections with the court.  Such a document should be captioned "Objections to Magistrate

21  Judge's Findings and Recommendations."  The parties are advised that failure to file objections

22  within the specified time may waive the right to appeal the District Court's order.  Martinez v.

23  Ylst, 951 F.2d 1153 (9th Cir. 1991).

24  Dated:  December 8, 2014

25  _____
    CAROLYN K. DELANEY
26  2 / teno1082.ftp                                    UNITED STATES MAGISTRATE JUDGE

27

28

                                                3